BLOODGOOD, plaintiff in error *v.* MOHAWK and HUDSON RAILROAD COMPANY, 18 Wend. 1.

Reported 14 Wend. 548.

ERROR from the Supreme Court. Trespass *quare clausum*, &c., by Bloodgood against Railroad Company for entering and taking premises for their railroad.

The defendants justified under their act of incorporation, and the Supreme Court held their plea of justification good, although it did not aver that they had tendered or made satisfaction, or taken the steps prescribed by their act of incorporation, to assess and satisfy the damages sustained by the owner.

The Court of Errors *reversed* the decision as to that point, but held the power conferred on the company to take private property for that purpose to be constitutional. The judgment of the Court of Errors, as entered, exhibits their result and the grounds of it, at the same time, briefly stated in their judgment itself; a precedent to which it would be well if every court of appellate jurisdiction conformed in every instance of *reversal.*

The judgment as entered was as follows:

" Counsel having been heard in this cause, and due deliberation had, it is declared and adjudged that the legislature of this state has the constitutional power and right to authorize the taking of private property for the purpose of making railroads, or other public improvements of the like nature, paying the owners of such property a full compensation therefor, whether such public improvements be made by the state itself, or through the medium of a corporation or joint stock company ; bnt that by the true construction of the defendant's charter or act of incorporation, they were not authorized to take and appropriate the plaintiff's land to their use, until his damages were appraised and paid or deposited for his use, as provided for in the act of incorporation."

Judgment *reversed*, 2d plea overruled, with leave to defendants to amend their plea within such time as the Supreme Court should direct, cn payment of costs to be taxed, &c.